**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MICHAEL TODD FARKAS,

        Plaintiff,

vs.                                                Case No. 3:13-cv-896-J-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I. Status**

Michael Todd Farkas ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff alleges disability based on "cervical disc disorder and major depression." Transcript of Administrative Proceedings (Doc. No. 14; "Tr." or "administrative transcript"), filed November 6, 2013, at 144. On January 11, 2010, Plaintiff filed an application for DIB. Tr. at 216-22. Plaintiff alleged an onset disability date of December 15, 2006, Tr. at 216, that he subsequently amended to November 25, 2009, Tr. at 243. Plaintiff's application was denied initially, see Tr. at 138-40, and was denied upon reconsideration, see Tr. at 145-46.

On July 7, 2011, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified. Tr. at 42-92. At the time of the hearing, Plaintiff was fifty-four (54) years old. Tr. at 30. The ALJ issued a

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 24), filed April 1, 2014; Reference Order (Doc. No. 25), entered April 7, 2014.

Decision on September 22, 2011, finding Plaintiff not disabled through the date of the Decision. Tr. at 25-36. On May 14, 2013, the Appeals Council granted Plaintiff's request for review. Tr. at 4; see Tr. at 209-14. The Appeals Council then issued a Decision on June 7, 2013, adopting the majority of the ALJ's findings and concluding that Plaintiff was not disabled "from the amended alleged onset date of November 25, 2009 through September 22, 2011, the date of the [ALJ's D]ecision." Tr. at 4-7. Because the Appeals Council granted review, the Decision of the Appeals Council is the Commissioner's final decision. See Evans v. Comm'r of Soc. Sec. Admin., 551 F. App'x 521, 523 (11th Cir. 2014). On July 24, 2013, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff generally alleges two errors on appeal. See Memorandum in Support of Complaint (Doc. No. 18; "Pl.'s Mem."), filed January 21, 2014. Plaintiff argues (1) the Appeals Council did not provide Plaintiff's prior counsel "an opportunity to comment on the evidence independent of the briefs" filed by Plaintiff's prior counsel, id. at 5; and (2) the Appeals Council and the ALJ both failed to adequately discuss the medical evidence and opinions in the record, see id. at 5-7.[2] On March 19, 2014, Defendant filed a memorandum

---

[2] Plaintiff has one sentence in his Memorandum that states, "Additionally [Plaintiff's prior counsel] makes reference to fi[n]ding the Plaintiff disabled based on the application of the Grid Rules based on the [P]laintiff's age." Pl.'s Mem. at 7. The Court's Scheduling Order advises that any grounds upon which the Commissioner's final decision is being challenged must be identified with particularity and any contention for which the particularity requirement is not met is subject to being disregarded for insufficient development. Scheduling Order (Doc. No. 15), entered November 11, 2013, at 1; see United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (deeming an issue abandoned when there were "only four passing references" to it in a party's brief, and reiterating that claims must "be unambiguously demarcated" to "avoid confusion as to the issues that are in play and those that are not") (citation omitted). Whatever issue Plaintiff attempts to raise with this one sentence is deemed waived for insufficient development. Nevertheless, the Appeals Council expressly found that there was not a "sufficient basis in the record for using the higher age category." Tr. at 4.

responding to Plaintiff's arguments and asserting that the Commissioner's final decision is supported by substantial evidence. See Memorandum in Support of the Commissioner's Decision (Doc. No. 21; "Def.'s Mem."). After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be affirmed for the reasons explained below.

## II. The ALJ's Decision / The Appeals Council's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 27-35. At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since December 15, 2006, the alleged onset date."[4] Tr. at 27 (emphasis and citation omitted). At

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

[4] The ALJ used the original onset date instead of the amended alleged onset date. This was identified as an error and it was corrected by the Appeals Council. See Tr. at 4.

step two, the ALJ found Plaintiff suffers from "the following severe impairments: depression, degenerative disc disease, and substance addiction disorder." Tr. at 27 (emphasis and citation omitted). At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 27 (emphasis and citation omitted). The ALJ determined Plaintiff's residual functional capacity ("RFC") to be as follows:

> [Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) except [Plaintiff] can lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently. [Plaintiff] can sit, stand and/or walk up to 6 hours in an 8-hour workday. [Plaintiff] is capable of unlimited push/pull manipulations. [Plaintiff] can frequently climb ramps/stairs, stoop, kneel, crouch, and crawl. [Plaintiff] can occasionally climb ladders, ropes, or scaffolds, and can occasionally balance. [Plaintiff] must avoid atmospheric conditions (fumes, dusts, odors, gases). [Plaintiff] must avoid hazards, moving mechanical parts, and high exposed places. [Plaintiff] is able to perform simple, routine, repetitive tasks and is able to concentrate and persist for 2-hour segments. [Plaintiff] is limited to work that has no more than frequent interaction with the public.

Tr. at 29.

At step four, the ALJ found Plaintiff "is unable to perform any past relevant work" as a "Cashier, Liquor Store" or "Line Cook." Tr. at 34 (emphasis and citation omitted from first quotation). After considering Plaintiff's "age, education, work experience, and [RFC]," the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Tr. at 34 (emphasis and citation omitted). Relying on the testimony of the VE, the ALJ determined Plaintiff could perform representative jobs such as "Dining Room Attendant"; "Mailroom Clerk"; and "Ticket Seller." Tr. at 35. The ALJ concluded that Plaintiff "has not been under a disability . . . from December 15, 2006, through the date of th[e D]ecision." Tr. at 19 (emphasis and citation omitted).

Plaintiff requested that the Appeals Council review the ALJ's Decision, see Tr. at 21, and along with the request for review, Plaintiff's counsel submitted a memorandum, see Tr. at 347-49.  As noted above, the Appeals Council granted Plaintiff's request for review.  Tr. at 4; see Tr. at 209-14.  In the Notice advising Plaintiff and his counsel that it had granted Plaintiff's request for review, the Appeals Counsel indicated its intention to render a decision finding Plaintiff not disabled.  Tr. at 210.  The Notice further provided instructions to Plaintiff on how to submit additional evidence or a brief regarding the facts and law and how to ask for an appearance before the Appeals Council to discuss his case.  Tr. at 212-13. In response to the Appeals Council's Notice, Plaintiff, through counsel, submitted a written memorandum, in which Plaintiff "request[ed] that [the Appeals Council] consider finding [Plaintiff] disabled as of September 22, 2011 through a 'non-mechanical' application of Medical-Vocational Rule 202.06."  Tr. at 351-52.  Plaintiff did not request an appearance before the Appeals Council. See Tr. at 351-52.

The Appeals Council issued its decision on June 7, 2013, Tr. at 4-7.  The Appeals Council recognized that it received and considered "[c]omments" from Plaintiff, "but the Appeals Council d[id] not find sufficient basis in the record for using the higher age category." Tr. at 4.  The Appeals Council adopted the ALJ's Decision except as otherwise noted in its own decision.  See Tr. at 4.  Basically, the Appeals Council agreed with the ALJ in all respects with two exceptions.  First, it noted that the ALJ should have used the amended alleged onset date instead of the original alleged onset date.  Tr. at 4.  Second, the Appeals Council stated that the ALJ's "[D]ecision does not adequately evaluate medical opinion evidence from treating and nontreating sources as well as a disability determination from

another governmental agency . . . ." Tr. at 5.  The Appeals Council, therefore, independently discussed some of the medical opinions in the record.  See Tr. at 5.

Specifically, the Appeals Council addressed the opinion of Cathy Whitley, M.D. and assigned her opinion "little weight."  Tr. at 5.  The Appeals Council reasoned that "the limitations as to lifting and movement of the neck are not supported by Dr. Whitley's benign physical exam findings or the overall medical evidence of record."  Tr. at 5.  The Appeals Council also discussed Sheila Rowan, M.D.'s opinion and assigned it "little weight," reasoning that Dr. Rowan's opinion "is not supported by evidence showing that [Plaintiff] presented with mostly normal mental status findings and improved with medication and therapy."  Tr. at 5.  The Appeals Council recognized that the U.S. Department of Veterans Affairs found that Plaintiff "has a fifty percent service connected disability rating for major depressive disorder."  Tr. at 5.  The Appeals Council, however, assigned that rating "little weight . . . because the record does not support finding disabling mental limitations under Social Security law."  Tr. at 5.  Even after considering these medical opinions and evidence, the Appeals Council agreed with the ALJ's ultimate finding that Plaintiff was not disabled from the amended alleged onset date to the date of the ALJ's Decision.  See Tr. at 6-7.

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ."  Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but

less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As noted above, Plaintiff generally challenges the Commissioner's final decision in two ways.  Each is discussed in turn.

### A. Medical Opinions and Records

Plaintiff argues that the Appeals Council and the ALJ both failed to adequately discuss the medical evidence and opinions in the record. See Pl.'s Mem. at 5-6.  Plaintiff references treatment records from the Department of Veterans Affairs ("VA"); a medical opinion authored by William Pearce, M.D. ("Dr. Pearce"); and records from the Serenity House. See id.

Regarding records from the Department of Veterans Affairs, Plaintiff contends that the Appeals Council referred to the records, "but no discussion of the appropriate weight to be given to those records other than to state that the record does not support finding disabling mental limitations" was provided. Pl.'s Mem. at 5. This argument is unavailing. The ALJ discussed the VA records, Tr. at 30-32, as did the Appeals Council, Tr. at 5. The Appeals Council stated that it "assign[ed] little weight to [the VA's] disability determination because the record does not support finding disabling mental limitations under Social Security law." Tr. at 5. Plaintiff does not expound on this argument in any way, and it is clear that the Commissioner considered and addressed the VA records. No error is found here.

Plaintiff states that Dr. Pearce's opinion was not "discussed by either the ALJ or the Appeals Council." Pl.'s Mem. at 6. To the contrary, the ALJ assigned "little weight" to Dr. Pearce's opinion contained in a Physical RFC Questionnaire dated March 30, 2009, Tr. at 33, noting that the opinion was rendered before Plaintiff claimed disability, Tr. at 32. The ALJ also noted that Dr. Pearce had not "considered the new evidence in the record" before rendering his opinion. Tr. at 33. The Appeals Council adopted the ALJ's rationale. See Tr. a 5. Plaintiff's argument that Dr. Pearce's opinion was not addressed is simply inaccurate.

As to records from the Serenity House, all Plaintiff states in his Memorandum is that "there are records from Serenity House which again discuss [Plaintiff's] mental health issues, again not adequately discussed by the Appeals Council nor by the ALJ." Pl.'s Mem. at 6. As noted by the Commissioner, Plaintiff does not elaborate on how these records demonstrate that Plaintiff was more limited than his assessed RFC. See Def.'s Mem. at 6. Moreover, the most recent records from Serenity House are dated June 2007, more than two

-8-

years before Plaintiff's amended alleged onset date.  See Tr. at 386-98.  Given that Plaintiff does not discuss the relevancy of these records, and in light of the voluminous amount of medical records in the administrative transcript dated during the relevant time period, the undersigned finds that even if the Commissioner erred in not discussing these records, any such error would be harmless.

### B.  Due Process

Plaintiff contends that the Appeals Council erred by "not allow[ing Plaintiff's] representative an opportunity to comment on the evidence independent of the briefs that were filed by [counsel] dated June 1, 2011, February 21, 2013 and May 30, 2013 that allude to the deficiency in the decision from [the ALJ]."  Pl.'s Mem. at 5.  Plaintiff argues that "[t]he Appeals Council should have allowed the [P]laintiff and his representative to discuss these issues before the [ALJ] not at a level that allows limited input from the representative."  Id. at 6.  Plaintiff continues, "While it is true that the representative was allowed to make comments both during the hearing and in his briefs, this is different than the ability to present an argument before the ALJ."  Id. at 6-7.

It appears that Plaintiff's main contention is that the Appeals Council did not send the case back to the ALJ and permit counsel to argue his position to the ALJ.  Instead, the Appeals Council sent Plaintiff and his representative notice that the Appeals Council intended to find Plaintiff not entitled to benefits and allowed Plaintiff the opportunity to submit any comments or new and material evidence for the Appeals Council's consideration within thirty (30) days.  Tr. at 209-14.  The Appeals Council further provided Plaintiff with an opportunity

to request "an appearance before the Appeals Council." Tr. at 212. Plaintiff did not do so. Instead, Plaintiff's counsel submitted a written brief. See Tr. at 351-52.

To establish a due process violation, a plaintiff must make "a showing of prejudice." Newberger v. Comm'r of Soc. Sec. Admin., 293 F. App'x 710, 712 (11th Cir. 2008). Plaintiff does not even allege that he suffered any prejudice, and upon review, the undersigned finds that he did not. Plaintiff was provided with adequate due process and the Administration followed its regulations. No error is found here.

### V. Conclusion

After due consideration, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on September 9, 2014.

_James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

jlk
Copies to:
Counsel of Record